62 F.3d 424
 314 U.S.App.D.C. 101
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Edwin KNIGHT, Appellant.
 Nos. 91-3243, 94-3124.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 4, 1995.
 
 Before: Silberman, Sentelle, and Tatel, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C. Cir. Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's convictions be affirmed for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 It was not an abuse of discretion for the district court to have denied appellant's motion for a new trial because it does not appear that Officer Etienne participated in the conduct about which Judge Von Kann complained. Moreover, even had Officer Etienne committed perjury in another court proceeding, there was sufficient evidence to convict appellant on the basis of Officer Brodie's testimony alone. Furthermore, Officer Feggans was not a witness in the case and, therefore, Judge Von Kann's letter may not be used to cross-examine Officer Feggans about the alleged misconduct.
 
 
 5
 In addition, the district court did not err in allowing the prosecutor's closing arguments. See United States v. Edelin, 996 F.2d 1238, 1243 (D.C. Cir. 1993), cert. denied, 114 S. Ct. 895 (1994) (court must determine whether the remarks are improper, and if so, whether they caused substantial prejudice to the accused). Here, the prosecutor's statements in the closing argument were not improper. The prosecutor was merely suggesting that the jurors should use their common sense in evaluating the credibility of the witnesses. Even if error occurred, the comments did not cause appellant substantial prejudice as the comments were neutralized by the district court's instructions to the jury.